**CV 13-2863**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIGUEL ALMONTE,    Docket No:

                            Plaintiff,    **WEINSTEIN, J**

                                                 **COMPLAINT**

               -against-    **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER AXEL CARDONA
OLIVERO, POLICE OFFICER CHRISTOPHER STEWART, POLICE
OFFICER ROBERTO ESPINAL, POLICE OFFICER RO**SCANLON, M.J.**
ECHEVARRIA and ARRESTING OFFICERS OF THE 110TH
PRECINCT,

                                 Defendant(s),
-----------------------------------------------------------------X

## NATURE OF THE ACTION

1. This civil rights action arises from the wrongful and unlawful arrest, detention, assault and imprisonment of Plaintiff, MIGUEL ALMONTE, and his subsequent prosecution without any justifiable grounds, by Defendants which commenced on or about April 6, 2012, and concluded on or about December 10, 2012;

2. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for violation of his civil rights actionable pursuant to 42 U.S.C.§§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988;

## JURISDICTION

3. This case arises under 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and various state law governmental tort statutes, actionable under and pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). Plaintiff asserts jurisdiction over the City of New York its agents servants and employees of all claims in this Court under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction

over those state law claims arising out of the same common nucleus of operative facts as do Plaintiffs' federal claims;

## VENUE

4. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York because a substantial part of the events or omissions giving rise to the claim occurred in that District, to wit: Queens County;

5. Plaintiff is and was a citizen of New York.

## PARTIES

6. Plaintiff, MIGUEL ALMONTE, is a resident of the United States of America currently residing in the State of New York. At all times relevant hereto, MIGUEL ALMONTE resided in the County of Queens, New York;

7. Plaintiff, MIGUEL ALMONTE, is a resident of the United States of America currently residing in the State of New York.

8. Defendant, THE CITY OF NEW YORK (CITY) is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York;

9. Defendant, NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the defendant City of New York;

10. At all times, defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the NEW YORK CITY POLICE DEPARTMENT, including those individuals charged with protecting the health and safety of detainees and arrestees, and to assure that said actions, policies, rules, regulations,

practices and procedures of the NEW YORK CITY POLICE DEPARTMENT and its employees and agents comply with the laws and constitutions of the United States and of the State of new York.

11. At all times relevant, upon information and belief, Defendants POLICE OFFICER AXEL CARDONA OLIVERO, POLICE OFFICER CHRISTOPHER STEWART, POLICE OFFICER ROBERTO ESPINAL, POLICE OFFICER ROBERT ECHEVARRIA ("Officer Defendants") and ARRESTING OFFICERS OF THE 110th PRECINCT were residents of the State of New York;

12. At all times relevant hereto, defendants, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT employed the individual Officer Defendants and ARRESTING OFFICERS OF THE 110th PRECINCT, who were present and involved in the unlawful arrest and detention of the Plaintiff on April 6, 2012 and the prosecution of the Plaintiff, which continued until December 10, 2012.

13. At all times relevant, the individual Officer Defendants and ARRESTING OFFICERS OF THE 23RD PRECINCT, were acting in their individual and official capacity;

14. At all times relevant, the individual Officer Defendants and ARRESTING OFFICERS OF THE 110th PRECINCT, were acting as employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual Defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

15. Plaintiff is ignorant of the names and capacity of Defendants sued herein as ARRESTING OFFICERS OF THE 110th PRECINCT, inclusive, and therefore sues these

defendants by such fictitious name. Plaintiff is informed, believes and alleges, that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages and violations and/or deprivation of rights hereinafter alleged. Plaintiff will seek leave of the court to amend this Complaint and state true names and/or capacities of said fictitiously named Defendants when same have been ascertained.

16. The reason why Plaintiff is ignorant of some of the true names and capacities of individual Defendants sued herein as representatives of the NEW YORK CITY POLICE DEPARTMENT, is that same have been unascertainable as of the date of filing of this complaint, as many of these officers may be deputies, sergeants, captains, lieutenants, commanders, deputy chiefs and/or civilian employee agents, policy makers and representatives of Defendant CITY OF NEW YORK, and as such, many of their records are protected by state statute and can only be reasonably ascertained through the discovery process.

17. The individual Defendants were at all times mentioned herein duly appointed, qualified and acting officers of the NEW YORK CITY POLICE DEPARTMENT, acting within the course and scope of such employment with the CITY OF NEW YORK, and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

18. That on or about April 6, 2012, at around 9:00 p.m., Plaintiff, MIGUEL ALMONTE was forcibly removed from his home, located at 47-08 99TH Street, Corona, Queens, New York, without consent or just cause;

19. That this removal was performed by Defendants, THE CITY OF NEW YORK, NEW

YORK CITY POLICE DEPARTMENT, POLICE OFFICER AXEL CARDONA OLIVERO, POLICE OFFICER CHRISTOPHER STEWART, POLICE OFFICER ROBERTO ESPINAL, POLICE OFFICER ROBERT ECHEVARRIA and ARRESTING OFFICERS OF THE 110th PRECINCT;

20. That this removal was performed by Defendants with the knowledge and authority of supervisors at THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

21. That the decision to remove the Plaintiff, MIGUEL ALMONTE from his home, was made by the Defendants, acting jointly and individually;

22. That this removal was performed without just or probable cause to believe that he had committed a crime;

23. That this removal was performed for improper reasons;

24. That this removal was performed without a legal justification, authority or right;

25. That this removal was performed without first getting a warrant;

26. That the Plaintiff, MIGUEL ALMONTE, was not at imminent risk of any harm;

27. That the Plaintiff, MIGUEL ALMONTE, was in his home when the physical removal occurred;

28. That on or about April 6, 2012, Defendants, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, by their agents servants and/or employees, including, but not limited to Officer Defendants and ARRESTING OFFICERS OF THE 110th PRECINCT, caused Plaintiff, MIGUEL ALMONTE, to be wrongfully and falsely arrested, imprisoned and detained without any right or justifiable ground therefore;

29. That the CITY, it's agents, servants and employees, as set forth above, intended to confine Plaintiff; that Plaintiff was conscious of the confinement; that Plaintiff did not consent to

the confinement; and that the confinement was not otherwise privileged;

30. That Plaintiff, while within the care, custody and control of THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, was the victim of violent attacks by Officer Defendants.

31. Plaintiff, MIGUEL ALMONTE was savagely beaten with the hands and fists of Officer Defendants, sprayed with mace and attacked with a taser.

32. Plaintiff suffered severe physical injuries to his face, arms and chest and suffers with pain in his shoulder and knee.

33. The force used by Officer Defendants was unnecessary, unreasonable and excessive.

34. That Plaintiff remained confined and in custody of the Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT until April 10, 2012.

35. That on December 10, 2012, all charges against Plaintiff were dismissed;

36. That the aforementioned arrest, imprisonment, detention and prosecution of Plaintiff, MIGUEL ALMONTE, was improper and performed without probable cause to believe that Plaintiff, MIGUEL ALMONTE, was guilty of a crime;

37. Notwithstanding the above, the unlawful arrest and prosecution continued by Defendants despite the lack of facts, lack of investigation, and lack probable or reasonable cause to support the charges;

38. Plaintiff, MIGUEL ALMONTE, was also subject to the prosecution of the aforementioned action which was commenced, and continued without probable cause, with malice and with knowledge that it lacked merit;

39. As a result of the foregoing, Plaintiff, MIGUEL ALMONTE, was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the

State of New York, and his rights pursuant to 42 U.S.C §1983;

State of New York, and his rights pursuant to 42 U.S.C §1983;

40. Plaintiff, MIGUEL ALMONTE, was forced to make numerous appearances in Criminal Court in furtherance of the defense to these false charges;

41. On December 10, 2012, the charges against Plaintiff, MIGUEL ALMONTE, were dismissed by the Criminal Court without reservation or qualification;

42. Plaintiff, MIGUEL ALMONTE, sustained emotional harm in the form of great anxiety and stress as a result of the aforesaid actions by Defendants;

43. Plaintiff, MIGUEL ALMONTE, was <u>forced</u> to defend himself from the false charges levied against him and suffered stress and anxiety as a result of these proceedings;

44. Plaintiff, MIGUEL ALMONTE, suffers, and continues to suffer, disgrace, embarrassment, loss of self esteem and emotional harm resulting from the aforesaid neglect proceedings and the unlawful arrest, imprisonment and detention by the Defendants;

45. Plaintiff, MIGUEL ALMONTE, continues to live and function in fear of the police;

## FIRST CAUSE OF ACTION

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

47. That on or about April 4, 2012, at approximately 9:00 pm at 47-08 99th Street, Corona, New York, the Defendants, acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or justifiable grounds therefore;

48. That the arrest, detention and imprisonment was caused by the Defendants, its agents, servants and employees, including but not limited to the Officer Defendants and ARRESTING OFFICERS OF THE 110th PRECINCT, without a warrant and without any reasonable cause or

belief that Plaintiff was in fact guilty of a crime;

49. That the CITY OF NEW YORK, its agents, servants and employees, as set forth above, intended to confine Plaintiff, that Plaintiff was conscious of the confinement, that Plaintiff did not consent to the confinement and that the confinement was not privileged;

50. That by reason of the false arrest, imprisonment and detentions of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged;

## SECOND CAUSE OF ACTION

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

52. That by their actions, Officer Defendants committed atrocious acts of battery against Plaintiff, which included striking him with hands and fists, spraying him with mace and attacking Plaintiff with a taser. This use of physical force was unnecessary and excessive.

53. The CITY and NYPD are responsible for the unnecessary and excessive physical force used by Officer Defendants because the misconduct occurred while they were acting in the scope of their employment, specifically, in the course of falsely arresting Plaintiff and subsequently executing their responsibility to hold him safely in police custody at the 110th Precinct.

54. As a result of the unnecessary and excessive physical force used against him, Plaintiff has suffered severe and serious mental and physical injuries.

## THIRD CAUSE OF ACTION

55. That Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights

8

pursuant to 42 U.S.C. § 1983 by those who, under color of a statute of regulation of a state, caused Plaintiff to be so deprived;

56. That the aforesaid actions by Officer Defendants and ARRESTING OFFICERS OF THE 110th PRECINCT were done pursuant to an official municipal policy or a custom of THE CITY OF NEW YORK, which policy involved indiscriminate detention, interrogation, intimidation and prosecution of individuals were engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice;

57. That Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive Plaintiff of his federal civil rights and constitutional rights, in violation of 42 U.S.C. § 1985;

## FOURTH CAUSE OF ACTION

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

59. That the aforesaid occurrence and resulting injuries to Plaintiff were due to the willful, wanton, reckless and/or malicious conduct of the Defendants, individually, jointly and/or vicariously by and through their agents, servants and/or employees;

60. That Officer Defendants, under color of law, conspired with one another to deprive Plaintiff of his constitutional rights, including the rights: to be free from the intentional use of unreasonable force, to be free from unreasonable searches and seizures, and to be free from false arrest and false imprisonment.

61. That the aforesaid occurrence and resulting injuries to Plaintiff were due to the conduct of Defendants, acting individually, jointly and/or vicariously by and through their agents, servants and/or employees which reflect utter indifference to the safety and well being of others and

specifically the safety and well being of Plaintiff;

62. That the aforesaid occurrence and resulting injuries to Plaintiff were due to the conduct of Defendants, individually, jointly and/or vicariously by and through their agents, servants and/or employees which reflect conscious disregard for the safety and well being of others and specifically the safety and well being of Plaintiff;

63. That the conduct of Defendants acting individually, jointly and/or vicariously by and through their agents, servants and/or employees exhibited a reckless disregard for human life and the safety and well being of others and more particularly, for the life, safety and well being of Plaintiff;

64. As a result of the foregoing, Plaintiffs has been damaged;

### PRAYER

WHEREFORE, Plaintiff respectfully requests that judgement be entered as follows:

(A) General and compensatory damages in an amount according to proof;

(B) Special damages in an amount according to proof;

(C) Statutory damages;

(D) Exemplary and punitive damages against each individual Defendant and not against the public entities, according to proof;

(E) Costs of suit, including attorney's fees as provided under 42 U.S.C. §1988; and

(H) Such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
May 14, 2013

**LAW OFFICE OF**
**ANDREW C. LAUFER**

_____
Andrew C. Laufer, Esq.
Attorney for Plaintiff
255 West 36th Street, Suite 1104
New York, New York 10018
(212) 422-1020

11

**DEFENDANTS:**

THE CITY OF NEW YORK
100 Church Street
New York, New York 10018

NEW YORK CITY POLICE DEPARTMENT
c/o THE CITY OF NEW YORK
100 Church Street
New York, New York 10018

POLICE OFFICER AXEL CARDONA OLIVERO
c/o 110TH PRECINCT
9441 43rd Avenue
Elmhurst, New York 11373

POLICE OFFICER CHRISTOPHER STEWART
c/o 110TH PRECINCT
9441 43rd Avenue
Elmhurst, New York 11373

POLICE OFFICER ROBERTO ESPINAL
c/o 110TH PRECINCT
9441 43rd Avenue
Elmhurst, New York 11373

POLICE OFFICER ROBERT ECHEVARRIA
c/o 110TH PRECINCT
9441 43rd Avenue
Elmhurst, New York 11373

ARRESTING OFFICERS OF THE 110TH PRECINCT
c/o 110TH PRECINCT
9441 43rd Avenue
Elmhurst, New York 11373